## Cohen *v.* A. F. Bornot Bros. Co., Appellant.

*Contracts—Employer and employee—Authority of manager—Ratification—Action by minor—Moot questions.*

In an action to recover a balance alleged to be due under a contract of employment, plaintiff testified that the manager of the company offered to sell him an automobile on the installment plan, payment to be made by deductions from his salary at the rate of $46.10 a week, and plaintiff to continue in defendant's service for two years at $18 a day. Plaintiff averred that he had been discharged without cause before the expiration of his contract. Defendant denied the agreement, and the authority of its manager to make such a contract, it also defended on the ground that plaintiff was a minor and could not collect money due under the contract without restoring the parties to their original positions.

Plaintiff proved that he had been paid and that deductions had been made from his pay at the rates agreed upon between himself and the defendant's manager.

*Held,* since there was abundant evidence to sustain a finding of fact that the corporation had ratified the contract by accepting plaintiff's service and paying him in accordance with its terms the first defense suggested was moot as the question was not involved. The second defense was also without merit because the evidence was ample to establish that the defendant had discharged the plaintiff and rescinded the contract.

Argued October 13, 1922.    Appeal, No. 61, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, Dec. T., 1920, No. 388, in favor of plaintiff in suit tried by the court without a jury the case of Louis Cohen, by his father and next friend, Jacob Cohen, v. A. F. Bornot Bros. Co.    Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Assumpsit to recover wages.    Before BONNIWELL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $427.77 and subsequently entered judgment thereon. Defendant appealed.

*Errors assigned* were the judgment of the court and failure to find for the defendant.

*W. Horace Hepburn, Jr.,* for appellant.—With the direct denial by the president of the corporation that he had delegated his authority, or was absent, the authority of the vice-president was not established, and the finding should have been in favor of the defendant: McAllister v. Pittsburgh Water Heater Co., 65 Pa. Superior Ct. 522; DeForest v. Northwest Townsite Co., 241 Pa. 78.

*Nathaniel Speck,* and with him *Clinton A. Sowers,* for appellee.—If a company accepts the result of plaintiff's services after knowledge of a contract made by one of its officers it is estopped to deny the contract: Clark v. Freeport Min. Co., 52 Pa. Superior Ct. 1; Campbell v. Manatawny Bessemer Ore Co., 62 Pa. Superior Ct. 57; Putnam v. Ensign Oil Co., 272 Pa. 301.

OPINION BY GAWTHROP, J., December 14, 1922:

This was a suit in assumpsit to recover a balance claimed to be due under a wage contract.    Plaintiff tes-

tified in support of his allegations that for three years prior to the making of said contract he was employed by defendant as a helper; that, while so employed on July 9, 1920, the vice-president and general manager of defendant asked him if he wanted to buy a delivery truck from defendant; that he answered "yes" and inquired how he could pay for the truck; that the manager said that plaintiff could pay on the installment plan; that defendant asked how much he would have to pay for the truck; that the manager said he would pay plaintiff $18 a day for making deliveries of merchandise with the truck on two routes each day, and that plaintiff was to pay the firm $46.10 a week for one year and also pay all bills for repairs, oil, gas, tires and other accessories; that after the year's payment the truck would belong to plaintiff, and that plaintiff was to work for the firm two years; that plaintiff accepted the proposition, went to work under the contract on July 20, 1920, and was paid at the rate of wages above stated; that defendant retained $399.52 on account of payment for the truck; that on September 21, 1920, defendant's manager rescinded the agreement and discharged plaintiff without cause; that plaintiff demanded from defendant the money he had paid on account of the purchase price of the truck and, payment being refused, brought this suit. Defendant denied the above stated agreement and endeavored to prove, that plaintiff was paid on a basis of $10.35 a day, that he was discharged for due cause and defendant owed him nothing. The case was tried before a judge without a jury and the finding was for plaintiff for the amount of his claim with interest.

The complaint set forth by the four assignments of error is that the trial judge erred in failing to find for defendant. After a thorough consideration of the evidence, we agree with the learned trial judge when he said: "The defendant's case, in opposition to plaintiff's claim is one that presents little or no real testimony to defeat a recovery." Indeed the statement of the ques-

tion involved inferentially concedes this, by failing to suggest the insufficiency of the evidence to sustain the finding.   It presents two other propositions.   We quote the question: "Whether or not an officer of a corporation can bind a corporation for an unauthorized contract, where authority is denied; whether or not a minor by disaffirmance of a contract can collect money under a contract without restoring the parties in their original positions."   The first proposition is not involved and is moot only, because there is abundant evidence in the record to sustain a finding of fact that the corporation ratified the contract made by its general manager and vice-president with plaintiff, by accepting his services and paying him in accordance with the terms of the contract.   Plaintiff offered in evidence his pay envelopes, which amounted to a demonstration that he was paid at the rate of $18 per day and that defendant retained $46.10 a week from the wages.   Nor does the case present the question of the right of an infant to disaffirm a contract and recover what he parted with under the same without putting defendant in statu quo.   The evidence fully warrants a finding of fact that defendant discharged plaintiff and rescinded the contract.

All the assignments of error are overruled, and the judgment is affirmed.